ELECTRONICALLY FILED
Jefferson County Circuit Court
Flora Cook-Bishop, Circuit Clerk
2025-Oct-06  12:08:04
35CV-25-1075
C11WD02 : 19 Pages

## IN THE CIRCUIT COURT OF JEFFERSON COUNTY, ARKANSAS
## CIVIL DIVISION

ELISA HILL, LYRIC BISHOP, INDIVIDUALLY,
and as PARENT AND NEXT FRIEND OF
BAILEY AYTCH, and CORDAE AYTCH, MINORS,
and MARIAH GRANT, INDIVIDUALLY, and as PARENT
and NEXT FRIEND OF KYLEI'ROSE BATES, MINOR          **PLAINTIFFS**

V.                                    35CV-25-

USAA CASUALTY INSURANCE COMPANY                    **DEFENDANT**

### COMPLAINT

Come now the Plaintiffs, Elisa Hill, Lyric Bishop, Individually, and as Parent and Next Friend of Bailey Aytch, and Cordae Aytch, Minors, and Mariah Grant, Individually, and as Parent and Next Friend of Kylei'Rose Bates, a Minor, by and through his attorneys, Taylor King Law, for his course of action against USAA Casualty Insurance Company (hereinafter referred to as "USAA"), states and alleges as follows:

### I.   PARTIES AND JURISDICTION

1. Plaintiff, Elisa Hill is a resident of Stuttgart, Arkansas County, Arkansas.

2. Plaintiffs, Lyric Bishop, Individually, and as Parent and Next Friend of Bailey Aytch, and Cordae Aycth are residents of Pine Bluff, Jefferson County, Arkansas.

3. Plaintiffs Mariah Grant, Individually, and as Parent and Next Friend of Kylei'Rose Bates, a Minor, are residents of Stuttgart, Arkansas County, Arkansas.



4. Defendant is an entity licensed to sell insurance in the State of Arkansas and who issued a policy of insurance in Stuttgart, Arkansas County, Arkansas to Separate Plaintiff Elisa Hill Policy No. 0280142837101.

5. The instant action seeks damages and attorney's fees for breach of contract and violation of statutory obligations.

6. This is the proper venue for this action, and this Court has jurisdiction over the parties and the subject matter herein.

## II.    FACTS

7. On or about December 19, 2024, at approximately 4:40 p.m., Plaintiff, Elisa Hill was driving with passengers Lyric Bishop, Bailey Aytch, Cordae Aytch, and Kylei'Rose Bates and was stopped at the stop sign at intersection US Highway 79 Business and US Highway 79 North.

8. Plaintiffs stated that a car being driven by Dennis L. Little ran the stop sign at the intersection, t-boning the Plaintiff's vehicle.

9. Plaintiffs each sustained injuries in said motor vehicle accident.

10. At the time of said collision, Plaintiff Elisa Hill was the beneficiary of first party person injury protection ("PIP") with the Defendant, including specifically no-fault medical payments coverage ("Medpay"), which was provided under the terms of the policy issued to Plaintiff Elisa Hill as required by Ark. Code Ann. §23-89-202..

11. Said Medpay coverage was in the amount of $25,000.00 per person, per accident. Plaintiffs are not in possession of a copy of the policy of insurance.  Subject to the foregoing, Plaintiffs incorporate the terms and conditions of the policy of insurance by reference and will request a complete and certified copy of the policy of insurance from Defendant through discovery.

Upon receipt, Plaintiffs will amend their complaint in accordance with Rule 10 of the Ark. R. Civ. Pro.

12. On or about April 15, 2025, Plaintiff Elisa Hill through her attorney, provided reasonable proof of medical charges in the amount of $4,868.50, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, Stuttgart Medical Center, BHMC (Radiology billing), Cress Chiropractic Center, and Baptist Health Therapy Center (Stuttgart), for treatment related to the accident on December 19, 2024. See Exhibit "A".

13. On or about April 28, 2025, Plaintiff Lyric Bishop through her attorney, provided reasonable proof of medical charges in the amount of $4,151.00, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, Stuttgart Medical Center, Baptist Health Radiology Physicians, and Family Chiropractic Clinic (Pine Bluff) for treatment related to the accident on December 19, 2024. See Exhibit "B".

14. On or about April 28, 2025, Plaintiff Bailey Aytch through her attorney, provided reasonable proof of medical charges in the amount of $2,663.00, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, Family Chiropractic Clinic (Pine Bluff) and Arkansas Children's Hospital Clinic (Pine Bluff) for treatment related to the accident on December 19, 2024. See Exhibit "C".

15. On or about March 5, 2025, Plaintiff Cordae Aytch through his attorney, provided reasonable proof of medical charges in the amount of $2,637.70, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, and Arkansas Children's Hospital Clinic (Pine Bluff) for treatment related to the accident on December 19, 2024. See Exhibit "D".

16. On or about March 10, 2025, Plaintiff Kylei'Rose Bates through her attorney, provided reasonable proof of medical charges in the amount of $6,115.00, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, BHMC Radiology Billing, Baptist Health – Stuttgart Medical Clinic, and Pain Relief Chiropractic for treatment related to the accident on December 19, 2024. See Exhibit "E".

17. On or about February 24, 2025, Plaintiff's counsel received a check for $1,188.87. This check totaled less than the stated amount of the charges accrued by Plaintiff Elisa Hill for treatment for her injuries in the amount of $4,868.50 submitted to USAA for payment for charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, Stuttgart Medical Center, BHMC (Radiology billing), Cress Chiropractic Center, and Baptist Health Therapy Center (Stuttgart).

18. The following statement was made in an email that was provided by USAA in response to the question why the correct amount had not been paid on Elisa Hill's claim even following the Plaintiff's demonstration that a filemarked lien had been filed for the full amount of the Baptist hospital bill in the amount of $2,961.50.

> "Thank you for your email, I understand your frustration in wanting to get the bill to be paid in full but unfortunately it can't per AIS it stated on the bill the reason it was not paid in full was the charge exceeds a reasonable amount for the service provided. As previously stated all bills are reviewed to make sure the are necessary, related and reasonable. As we know providers sometimes will inflate or provide extra services which may not be needed. It that means you need to file suit then you will have to do that unfortunately."

19. To date USAA has not paid any of the $4,151.00, for Plaintiff Lyric Bishop, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, Stuttgart

Medical Center, Baptist Health Radiology Physicians, and Family Chiropractic Clinic (Pine Bluff) for treatment related to the accident on December 19, 2024.

20. To date USAA has not paid any of the $2,663.00, for Plaintiff Bailey Aytch, which consisted of charges Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, Family Chiropractic Clinic (Pine Bluff) and Arkansas Children's Hospital Clinic (Pine Bluff) for treatment related to the accident on December 19, 2024.

21. To date USAA has not paid any of the $2,637.70, for Plaintiff Cordae Aytch, which consisted of charges Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, and Arkansas Children's Hospital Clinic (Pine Bluff) for treatment related to the accident on December 19, 2024.

22. To date USAA has not paid any of the $6,115.00, for Plaintiff Kylei'Rose Bates, which consisted of charges from Baptist Health Medical Center (Stuttgart), BHMC Physicians Billing, BHMC Radiology Billing, Baptist Health – Stuttgart Medical Clinic, and Pain Relief Chiropractic for treatment related to the accident on December 19, 2024.

23. Plaintiffs have complied with all requirements to obtain medical payment benefits outlined by Arkansas law. Any requirements set out or alleged to be required by Defendant in excess of those set out in Ark. Code Ann §23-89-201 et. seq. are void as a matter of law and public policy.

## COUNT I. BREACH OF CONTRACT

24. Plaintiffs incorporate paragraphs 1 through 23 herein by reference as if set out word for word.

25. Defendant USAA entered into a contract with Plaintiffs in the form of a policy of insurance, Policy #0280142837101. That Contract is attached as Exhibit 1 to this complaint.

26. Defendant USAA has agreed, through its policy of insurance and pursuant to Ark. Code. Ann §23-89-202, to pay all reasonable and necessary healthcare charges incurred by Plaintiffs for injuries suffered in a motor vehicle accident involving an insured vehicle within thirty days of presenting reasonable proof of said charges to Defendant.

27. Such reasonable proof was provided on or about April 15, 2025, April 28, 2025, March 5, 2025 and March 10, 2025.  See Exhibits "A-E" .  More than 30 days have passed since Plaintiff provided reasonable proof to Defendant as required pursuant to Ark. Code. Ann §23-89-208.

28. Defendant has advised that it is operating in line with its claim handling guidelines and acting in accordance with the policy language. Consequently, it has failed and refused to issue either full payment to the Plaintiffs as has been repeatedly requested and as believed to be, based on available knowledge and information, provided by the terms of the applicable policy.

29.  Defendant has not cited any term or condition in its policy of insurance to support its refusal to make full payment to the Plaintiffs, pursuant to the medical payment coverage, specifically, USAA has not provided to the Plaintiffs its basis as to why any of the Plaintiffs' treatment is unreasonable or unnecessary, nor has the Defendant provided any justification under Arkansas Law or its own policy language, that it can pay less on Plaintiffs' medical bills, than what is actually owed, up to the limits of the medpay policy.

30. Defendant has advised that it will not and, in fact, refuses to issue full payment to the Plaintiffs for the benefits to which they are entitled under the medical payments coverage. Moreover, despite Plaintiffs' request, Defendant has failed and refused to provide the guidelines, the policy or the language in the policy or the contractual agreement with the providers allowing USAA to reduce payments, upon which it places reliance.

31. In taking this position, Defendant's actions are not only in contravention of the policy of insurance, but the purpose of no-fault medical payments coverage. Defendant's actions have prevented its insured from fully utilizing the benefits and coverage provided, thereby causing insured to have outstanding balances for which they will be responsible.

32. Defendant, by refusing to issue payment to the Plaintiffs, is violating the terms and conditions of its policy of insurance and is in breach of same. Defendant has also breached its statutory duties to Plaintiffs under Ark. Code Ann. §23-89-208(c).

## COUNT II. VIOLATION OF THE DECEPTIVE TRADE PRACTICES ACT

33. Plaintiffs adopt and incorporates paragraphs 1 through 23 herein by reference as if set out word for word.

34. Upon information and belief, Defendant engages in a systematic practice of attempting to limit and even avoid payment of no-fault medical benefits/PIP coverage to its customers, i.e. its insureds, at a time when they are injured and reliant upon the medical payments coverage to obtain treatment and to protect their credit. Defendant does so, in part, by:

   a. Demanding detailed information not required by the policy of the insurance before payment will be tendered, including the demand for procedure and diagnostic codes, revenue codes, and other information beyond that necessary to determine whether reasonable and necessary medical expenses have been incurred;

   b. Refusing to issue payment to its insured:

   c. Issuing payments in amounts less than the full amount charged by a provider when directed by its insured;

   d. Delaying payment unreasonably and unfairly;

    e.  Other actions of oppressive conduct designed to limit or eliminate the Plaintiffs' access to the benefits purchased by way of premiums charged by the Defendant and paid by the Plaintiffs.

35. Defendant's actions are in violation of Ark. Code Ann. § 4-88-107(a), which makes unlawful deceptive and unconscionable trade practices and specifically prohibits "[e]ngaging in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade."

36. Plaintiffs have been damaged by Defendant's deceptive and unconscionable practices inasmuch as they have been deprived of a benefit to which they are entitled, they have been unable to promptly satisfy their medical bills in a manner best designed to protect them and their interests; and they remain subject to collection action.

37. As persons who have suffered damage or injury as a result of the offenses committed by the Defendant, Plaintiffs are entitled to recover actual damages and their attorney's fees.

## COUNT III. UNJUST ENRICHMENT

38. Plaintiffs incorporate paragraphs 1 through 28 herein by reference as if set out word for word.

39. Separate Plaintiff Elisa Hill has dutifully paid insurance premiums for coverage to be provided by Defendant USAA, including medical payment benefits.

40. Defendant accepted insurance payments from, or on behalf of, the Separate Plaintiff Elisa Hill for insurance coverage, including medical payment benefits.

41. The circumstances outlined herein are such that Plaintiffs reasonably expected to be paid the value of the medical payment benefit included in the insurance policy which is the subject of this lawsuit.

42. At all times relevant herein, Defendant USAA was aware that Separate Plaintiff Elisa Hill was providing insurance premiums with the expectation of receiving medical payment benefits.

43. As a result, Plaintiffs have suffered injuries, damages, and costs as described herein.

## COUNT IV. BAD FAITH

44. Plaintiffs incorporate paragraphs 1 through 43 herein by reference as if set out word for word.

45. Defendant, by engaging in a practice of trying to pay out less than the full amount of medical bills submitted or up to medpay policy limits by claiming that they are using databases to unilaterally reduce billing amounts without providers agreeing, or claiming that treatment is unreasonable or unnecessary without explanation, so that they can avoid payment of charges otherwise payable under policy language and required under Arkansas Law, has engaged in malicious, oppressive, and dishonest conduct constituting the tort of bad faith and is in violation of its duty of fair dealing.

46. Further, in refusing to issue full payment as directed by Plaintiffs, and similarly situated insureds, Defendant is on notice of the hardship being imposed and the financial and medical consequences of the same. In this regard, its actions are malicious and oppressive, and designed to avoid its contractual obligation and deprive its insureds of benefits to which they are entitled.

47. Defendant is guilty of the tort of bad faith, entitling Plaintiffs' to compensatory and punitive damages.

48. Plaintiffs reserve the right to conduct discovery and amend their Complaint.

49. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs, as well as interest in pursuing the instant matter.

50. Plaintiffs respectfully demand a trial by jury.

## DAMAGES

51. As a result of the conduct of the Defendant, Plaintiffs have been deprived of the medical payment benefits to which they are entitled under the policy. In addition, Plaintiffs have incurred costs, including attorney fees, in pursuit of the benefit to which they are entitled. Plaintiffs are also entitled to a 12% penalty pursuant to Ark. Code Ann. " 23-79-208 and 23-89-208.

WHEREFORE, Plaintiffs Elisa Hill, Lyric Bishop, Individually, and as Parent and Next Friend of Bailey Aytch and Cordae Aytch, Minors, and Mariah Grant, Individually, and as Parent and Next Friend of Kylei'Rose Bates pray that this Court enter judgment over and against USAA Casualty Insurance Company for all compensatory damages owed; for punitive damages based on Defendant's conduct; and for attorney's fees, a 12% penalty pursuant to Ark. Code Ann. §§23-79-208 and 23-89-208, interest, and costs; and that Plaintiffs be awarded pre-judgment interest and all other proper relief.

Respectfully Submitted,

TAYLOR KING & ASSOCIATES, P.A.
P. O. Box 972
320 Main Street
Arkadelphia, AR 71293
(870) 246-0505
(870) 246-0529

By:    /s/ Jay Neal_____
       Jay Neal, Bar No.2010187



## INJURY LAWYERS

04/15/2025

USAA Claims
Jennifer Wickes
Auto Injury Solutions
Attn: USAA Medical Mail Department
P. O. Box 26001,
Daphne, AL 36526

Re:   O  r C   n  Y   r Ins  r d   E  sa H
       Y   r Ins  r d               T        H
       Da     In  d n              2    2 2
       C a    N      r              2    2 3-  5

Dear Jennifer:

As previously advised, we represent Elisa Hill with regard to the above referenced claim. It is
our understanding that our client is entitled to medical payments through an insurance policy
with your company for medical bills incurred as a result of the above referenced collision.
Please find enclosed with this letter a copy of medical bills incurred; below is a summary of
those bills.  Pursuant to A.C.A. § 23-89-208 *we are making a demand that this sum to be sent to
this office payable to Elisa Hill and attorney Taylor King.* We expect those payments to be sent
within 30 days, as required by statute.

The following providers and billing amounts are included with this letter:

| M  d   a Pr     d  r | S  r     S  ar  Da | S  r     End Da | A       n |
|---|---|---|---|
| Baptist Health Medical Center (Stuttgart) | 12/19/2023 | 12/19/2024 | $2,961.50 |
| BHMC Physicians Billing | 12/19/2024 | 12/19/2024 | $297.00 |
| Stuttgart Medical Center | 12/24/2024 | 12/24/2024 | $518.00 |
| BHMC (Radiology Billing) | 12/24/2024 | 12/24/2024 | $26.00 |
| Cress Chiropractic Center | 12/31/2024 | 01/08/2025 | $315.00 |
| Baptist Health Therapy Center (Stuttgart) | 01/15/2025 | 01/15/2025 | $751.00 |

## On Your Side, By Your Side

1-800-305-0529  |  870-246-0505  |  Fax 870-246-0529
www.taylorkinglaw.com

EXHIBIT A

Please note that our client requests your office to ***send payment directly to our office; do not send any payments directly to a medical provider without our prior written authorization***. Please provide my office with an updated medical payments log. As always, we appreciate your assistance in this manner and look forward to resolving this claim.

Sincerely,

*Jay Neal*

Jay Neal
Attorney
JN/~~knt~~



## INJURY LAWYERS

04/28/2025

USAA Claims
ATTN: David Resendi
P. O. Box 26001,
Daphne, AL 36526

Re:  **Our Client/Your Insured:**  **Lyric Bishop**
     **Your Insured:**            **Timothy Hill**
     **Date of Incident:**        **12/19/2024**
     **Claim Number:**            **028014283-805**

Dear David:

As previously advised, we represent Lyric Bishop with regard to the above referenced claim. It is our understanding that our client is entitled to medical payments through an insurance policy with your company for medical bills incurred as a result of the above referenced collision. Please find enclosed with this letter a copy of medical bills incurred; below is a summary of those bills.  Pursuant to A.C.A. § 23-89-208 *we are making a demand that this sum to be sent to this office payable to Lyric Bishop and attorney Taylor King.* We expect those payments to be sent within 30 days, as required by statute.

The following providers and billing amounts are included with this letter:

| Medical Provider | Service Start Date | Service End Date | Amount |
|---|---|---|---|
| Baptist Health Medical Center (Stuttgart) | 12/19/2024 | 12/19/2024 | $2,783.00 |
| BHMC Physicians Billing | 12/19/2024 | 12/19/2024 | $297.00 |
| Stuttgart Medical Clinic | 12/24/2024 | 12/24/2024 | $529.00 |
| Baptist Health Radiology Physicians | 12/24/2024 | 12/24/2024 | $26.00 |
| amily Chiropractic Clinic (Pine Bluff) | 12/30/2024 | 01/06/2025 | $516.00 |

Please note that our client requests your office to *send payment directly to our office; do not send any payments directly to a medical provider without our prior written authorization*. Please provide my office with an updated medical payments log. As always, we appreciate your assistance in this manner and look forward to resolving this claim.

### On Your Side, By Your Side

1-800-305-0529  |  870-246-0505  |  Fax 870-246-0529
www.taylorkinglaw.com

EXHIBIT B

Sincerely,

Jay Neal

Jay Neal
Attorney
JN/~~knt~~



## INJURY LAWYERS

04/28/2025

USAA Claims
ATTN: David Resendi
P. O. Box 26001,
Daphne, AL 36526

Re:   **Our Client/Your Insured:**  **Bailey   ytch**
      **Your Insured:**          **Timothy Hill**
      **Date of Incident:**      **12/19/2024**
      **Claim Number:**       **028014283-805**

Dear David:

As previously advised, we represent Bailey Aytch with regard to the above referenced claim. It is
our understanding that our client is entitled to medical payments through an insurance policy
with your company for medical bills incurred as a result of the above referenced collision.
Please find enclosed with this letter a copy of medical bills incurred; below is a summary of
those bills.  Pursuant to A.C.A. § 23-89-208 *we are making a demand that this sum to be sent to
this office payable to Bailey   ytch and attorney Taylor King.* We expect those payments to be
sent within 30 days, as required by statute.

The following providers and billing amounts are included with this letter:

| Medical Provider | Service Start Date | Service End Date | Amount |
|---|---|---|---|
| Baptist Health Medical Center (Stuttgart) | 12/19/2024 | 12/19/2024 | $2,338.00 |
| BHMC Physicians Billling | 12/19/2024 | 12/19/2024 | $175.00 |
| amily Chiropractic Clinic (Pine Bluff) | 12/30/2024 | 12/30/2024 | $38.00 |
| Arkansas Children s Hospital Clinic (Pine Bluff) | 01/07/2025 | 01/07/2025 | $112.00 |

Please note that our client requests your office to *send payment directly to our office; do not
send any payments directly to a medical provider without our prior written authorization.*
Please provide my office with an updated medical payments log. As always, we appreciate your
assistance in this manner and look forward to resolving this claim.

### On Your Side, By Your Side

1-800-305-0529  |  870-246-0505  |  Fax 870-246-0529
www.taylorkinglaw.com

EXHIBIT C

Sincerely,

*Jay Neal*

Jay Neal
Attorney
JN/~~knt~~



**INJURY LAWYERS**

03/05/2025

USAA Claims
Attn: USAA Medical Mail Department
P. O. Box 26001,
Daphne, AL 36526

Re:  **Our Client/Your Insured:    Cordae   ytch**
     **Your Insured:               Timothy Hill**
     **Date of Incident:           12/19/2024**
     **Claim Number:               028014283-805**

Dear David:

As previously advised, we represent Cordae Aytch with regard to the above referenced claim. It is our understanding that our client is entitled to medical payments through an insurance policy with your company for medical bills incurred as a result of the above referenced collision. Please find enclosed with this letter a copy of medical bills incurred; below is a summary of those bills.  Pursuant to A.C.A. § 23-89-208 *we are making a demand that this sum to be sent to this office payable to   ordae   ytch and attorney Taylor King.* We expect those payments to be sent within 30 days, as required by statute.

The following providers and billing amounts are included with this letter:

| Medical Provider | Service Start Date | Service End Date | Amount |
|---|---|---|---|
| Baptist Health Medical Center (Stuttgart) | 12/19/2024 | 12/19/2024 | $2,338.00 |
| BHMC Physicians Billing | 12/19/2024 | 12/19/2024 | $103.00 |
| ACHC (Pine Bluff) | 01/06/2025 | 01/06/2025 | $196.70 |

Please note that our client requests your office to *send payment directly to our office; do not send any payments directly to a medical provider without our prior written authorization.* Please provide my office with an updated medical payments log. As always, we appreciate your assistance in this manner and look forward to resolving this claim.

Sincerely,

*Jay Neal*

Jay Neal
Attorney
JN/~~knt~~

**On Your Side, By Your Side**



**INJURY LAWYERS**

03/10/2025

USAA Claims
David Resendi
Auto Injury Solutions
Attn: USAA Medical Mail Department
P. O. Box 26001,
Daphne, AL 36526

Re:  O  r C    n  Y    r Ins  r d    K      R s  Ba   s
     Y    r Ins  r d                T          H
     Da       In   d  n            2      2 2
     C a    N       r               2      2 3-   5

Dear David:

As previously advised, we represent    ylei Rose Bates with regard to the above referenced claim.
It is our understanding that our client is entitled to medical payments through an insurance policy
with your company for medical bills incurred as a result of the above referenced collision.
Please find enclosed with this letter a copy of medical bills incurred; below is a summary of
those bills.  Pursuant to A.C.A. § 23-89-208 *we are making a demand that this sum to be sent to
this office payable to Kylei   ose   ates and attorney Taylor King.* We expect those payments to
be sent within 30 days, as required by statute.

The following providers and billing amounts are included with this letter:

| M  d  a Pr    d  r | S  r    S ar Da | S  r    End Da | A      n |
|---|---|---|---|
| Baptist Health Medical Center Stuttgart | 12/19/2024 | 01/07/2025 | $4,863.00 |
| BHMC Physicians Billing | 12/19/2024 | 01/07/2025 | $290.00 |
| BHMC Radiology Billing | 12/23/2024 | 01/14/2025 | $75.00 |
| Baptist Health Stuttgart Medical Clinic | 12/23/2024 | 01/14/2025 | $600.00 |
| Pain Relief Chiropractic | 12/30/2024 | 12/30/2024 | $287.00 |

Please note that our client requests your office to *send payment directly to our office; do not
send any payments directly to a medical provider without our prior written authorization.*

### On Your Side, By Your Side

1-800-305-0529  |  870-246-0505  |  Fax 870-246-0529
www.taylorkinglaw.com

EXHIBIT E

Please provide my office with an updated medical payments log. As always, we appreciate your assistance in this manner and look forward to resolving this claim.

Sincerely,

*Jay Neal*

Jay Neal
Attorney
JN/~~knt~~